```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                      WESTERN DIVISION
                     No. 5:14-CR-239-1H
                     No. 5:16-CV-434-H
```

ERIC LAMONT PHILLIPS,            )
     Petitioner,                 )
                                 )
v.                               )         **ORDER**
                                 )
UNITED STATES OF AMERICA,        )
     Respondent.                 )

This matter is before the court on the government's motion to dismiss, [DE #44], petitioner's motion to vacate his sentence under 28 U.S.C. § 2255, [DE #37]. Petitioner has filed a response, [DE #47]. Petitioner has also filed a motion to run sentences concurrently. [DE #36]. This matter is ripe for adjudication.

## BACKGROUND

On February 10, 2015, petitioner pled guilty, pursuant to a written plea agreement, to a one-count indictment charging him with possession of a firearm and ammunition by a prior convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. [DE #1 and #21]. Prior to sentencing, petitioner filed a motion for new counsel, [DE #29], alleging he was not advised of the penalties under 18 U.S.C. § 924(e), but this motion was denied as defendant advised in open court at his sentencing that he wished to proceed with his current attorney. On June 9, 2015, the court sentenced

petitioner to a term of imprisonment of 120 months, following the granting of the government's motion for downward departure under USSG § 5K1.1 and 18 U.S.C. § 3553(e). [DE #25 and #30]. The court entered its judgment on June 18, 2015, and defendant did not file a notice of appeal. On June 16, 2016, petitioner timely filed a motion to vacate his sentence, asserting the following two claims: (1) he was not an armed career criminal as his predicate offenses were not violent felonies and (2) he did not knowingly and voluntarily enter a plea of guilty.

**COURT'S DISCUSSION**

**I. Motion to Vacate, [DE #37]**

**A. Armed Career Criminal**

Petitioner first alleges, in light of Johnson v. United States, 235 S. Ct. 2551 (2015), he is no longer an armed career criminal as his two convictions for North Carolina robbery with a dangerous weapon and one conviction of North Carolina breaking and entering are not qualifying predicate offenses to designate him as an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act, ("ACCA").

North Carolina robbery with a dangerous weapon is a violent felony under the force clause of ACCA. United States v. Smith, 638 F. App'x 216, 219 (4th Cir. Jan. 26, 2016) (per curiam). North Carolina breaking and entering is a violent felony under the

2

enumerated offenses clause of ACCA. United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014). Therefore, petitioner has three convictions that qualify as violent felonies to satisfy the requirement for categorizing him as an armed career criminal under ACCA. 18 U.S.C. § 924(e)(1). Therefore, the government's motion to dismiss is granted as to this claim.

### B. Entry of Plea

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. The Strickland court reasoned "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

3

been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

In his response to the government's motion to dismiss, petitioner alleges due to the "misdirection" of counsel, he was not advised of the penalties associated with a § 924(e) violation. [DE #47 at 1-2].

To the extent petitioner argues the ineffective assistance of counsel before the entry of his written plea agreement, signed by petitioner and his counsel, the court notes petitioner's written plea agreement expressly provided,

> [i]f the defendant's criminal history subjects the defendant to the sentencing enhancement of 18 U.S.C. § 924(e), then the applicable penalties in lieu of (5) through (8) above are as follows:
>
> (5) Maximum term of imprisonment: Life
>
> (6) Minimum term of imprisonment: Fifteen (15) years
>
> (7) Maximum term of supervised release: Five (5) years
>
> (8) Maximum term of imprisonment upon revocation of supervised release: Five (5) years.

[DE #21 at 4-5]. The petitioner has not made a showing that counsel's performance was deficient. Further, petitioner has not shown prejudice. Rather, the record reveals petitioner received a sentence of 120 months of imprisonment following the government's motion under USSG § 5K1.1 and 18 U.S.C. § 3553(e). Therefore, the government's motion to dismiss is granted as to this claim.

4

**CONCLUSION**

For the foregoing reasons, the government's motion to dismiss, [DE #44], is GRANTED. Petitioner's motion to vacate, [DE #37], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 16th day of April 2018.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

5